## Charles v. Haak

*Lewis, Christianson & Beaver*, for plaintiff.

*James R. Koller* and *James L. Atkins*, for defendants.

GATES, P. J., August 8, 1967.—On March 31, 1967, plaintiff filed an amended complaint under Pennsylvania Rule of Civil Procedure 1028(c) following preliminary objections filed to the original complaint.

The gist of the amended complaint is that plaintiff is a dentist who performed services for one of the defendants, who at the time was the wife of the other defendant. Plaintiff avers that the services were performed at the request of both defendants and that both defendants agreed to pay for the services. The complaint discloses that at the time defendants agreed to pay for the services, requested on November 13, 1963, the parties were husband and wife; further, that the parties were divorced on June 22, 1965.

On April 14, 1967, defendant Margaret Loose filed an answer, the substance of which is an admission that both defendants agreed that the dental work was to be performed on her, but she denies that she agreed to pay for it, averring that her then husband Monroe Haak solely agreed to pay for the services.

On April 19, 1967, defendant Monroe Haak filed an answer to the amended complaint, the gist of which is that he did not on November 13, 1963, or at any other time request dental services to be performed on his then wife; nor did he at any time agree that he would pay for dental services to be performed on his wife. In this answer, under a heading of "New Matter", Monroe Haak avers, inter alia, that on April 16, 1965, he and his then wife entered into a written separation and matrimonial settlement agreement, a copy of which is attached to the answer, wherein and whereby said agreement Margaret Loose was rendered solely liable to plaintiff, she agreeing not to incur any debt or liability for which Monroe Haak would be responsible and agreeing further to indemnify and save him harmless from any claim or demand made against him by reason of any debt or obligation in-

curred by her. The answer requests that the complaint be dismissed as to defendant Monroe Haak and that judgment be entered in his favor.

Thereafter, something peculiar happened. On May 10, 1967, defendant Margaret Loose filed preliminary objections to codefendant's new matter, assigning as a reason that it is not, on its face, a defense to the plaintiff's complaint and, therefore, impertinent and irrelevant and should be stricken.

Plaintiff, strangely enough, chose not to preliminarily object to the new matter but, on May 24, 1967, filed a reply thereto averring that plaintiff is without knowledge or information concerning the separation agreement and the terms thereof and demanding proof from defendant Monroe Haak. Plaintiff concludes his reply by demanding judgment against Monroe Haak, again averring that he is jointly and severally liable with Margaret Loose for the amount in suit.

In this unusual posture, the matter was set down for argument, and only defendants appeared at argument and submitted written briefs to us.

We hesitate to pronounce generally our opinion that one codefendant has no standing to preliminarily object to a codefendant's answer containing new matter. Our mind is not fertile enough to conjure circumstances whereby we might approve such a procedure. The uniqueness of a case might cause us to change our opinion. Consequently, we will confine our opinion to this case and these facts and rule in the first place that Margaret Loose has no standing to preliminarily object to the new matter contained in the answer of Monroe Haak.

The unusual procedure of this case, coupled with the failure of plaintiff to preliminarily object to the new matter, choosing instead to reply to it, the import of which is that, despite the new matter, Monroe Haak

is still liable to plaintiff, compels us to take unusual unilateral action.

Under the Pennsylvania Rules of Civil Procedure, as under the Practice Act of May 14, 1915, P. L. 483, "new matter" is matter which, taking all of the allegations of the complaint to be true, is, nevertheless, a defense to the action: 4 Standard Pa. Prac. 186. Applying this principle to this case, we must accept as true the allegation that defendant Monroe Haak requested dental services for his wife and agreed with plaintiff to pay for them. The agreement was made on November 13, 1963. It is no defense to plaintiff's complaint that a subsequent agreement made two years later between codefendants exists which, if valid between them, adjusts liability between the parties to it for the debts contracted after April 16, 1965, in the absence of any allegation in the record that plaintiff was a party to the agreement. The liability of Monroe Haak was fixed on November 13, 1963, even though it was contemplated that plaintiff's performance was to be subsequent to that date.

Plaintiff's complaint clearly charges a breach of contract by Monroe Haak. He requested the services; he agreed to pay for the services. It is his obligation, not an obligation incurred by his former wife on his behalf. It is not within the orbit of their agreement.

We have chosen to take this unusual course of action pursuant to the spirit of Pa. R. C. P. 126 and the entire objective of the rules of civil procedure in simplifying issues for trial. The issue raised by this new matter of whether it is a defense to plaintiff's claim will have to face us sometime during the course of this litigation. Sooner or later, we must sit down and prepare our instructions to the jury. At that time, at least, we would have to decide and determine whether the issue raised by defendant Monroe Haak is a defense to plaintiff's complaint. In the meantime,

we can visualize added trial days involving testimony and evidence concerning a matter which is clearly not a defense to plaintiff's complaint. The record here clearly discloses that plaintiff was not a party to the agreement. Plaintiff's reply to the new matter indicates he has no knowledge or information about the agreement. Consequently, even if the agreement is valid and binding on Margaret Loose, it would not be binding on plaintiff, thus freeing defendant Monroe Haak from liability on an oral agreement he allegedly had with plaintiff.

Therefore, after due and careful consideration, we will make the following

### ORDER

And now, to wit, August 8, 1967, the new matter of defendant Monroe Haak is stricken.